**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

DERRIKKA TAYLOR-SHAW                                                    PLAINTIFF

v.                                    Case No. 5:09CV00329 JLH

BESTWAY RENT TO OWN and
MICHAEL STANFIELD                                                      DEFENDANTS

**OPINION AND ORDER**

Derrikka Taylor-Shaw commenced this action against Bestway Rent To Own and Michael

Stanfield, alleging retaliation, breach of contract, wrongful discharge, battery, intentional infliction

of emotional distress, as well as violations of Title VIII, 42 U.S.C. §§ 1981 and 1983, the Equal Pay

Act, the Arkansas Civil Right Act, and the Equal Protection Clause of the Fourteenth Amendment.

Bestway has filed a motion for summary judgment based on Taylor-Shaw's failure to respond to

requests for admissions.  Stanfield has filed a motion to dismiss for failure to state a claim, to which

Taylor-Shaw has responded.  Taylor-Shaw filed a motion to strike Bestway's motion for summary

judgment,[1] and Bestway has responded.  For the following reasons, Bestway's motion for summary

judgment is denied, and Stanfield's motion to dismiss is granted.

**I.**

A court should enter summary judgment if the evidence, viewed in the light most favorable

to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the

moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *see also Anderson v.*

---

[1]Because Taylor-Shaw's motion to strike is accompanied by a brief that essentially sets
forth legal arguments for reasons why the Court should not grant Bestway's motion for summary
judgment, the Court will treat her motion to strike as her response to Bestway's motion for
summary judgment, and Bestway's response to the motion to strike as its reply to Taylor-Shaw's
response to its motion for summary judgment.

*Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847, 850 (8th Cir. 2005).  The moving party bears the initial responsibility of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).  A genuine issue of material fact exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party.  *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

## II.

Bestway Rent To Own is an appliance rental service located in Pine Bluff, Arkansas. Derrikka Taylor-Shaw began working at Bestway on September 4, 2004, and held the positions of assistant manager and store manager.  In her complaint, she alleges that Bestway had a pattern and practice of treating African-American and female employees less favorably than their white male counterparts.  Her complaint says that she was kept at a lower level of employment and pay, was paid less for doing the same job as Caucasians and males, and was subjected to harsher performance demands and discipline.  The complaint also alleges that she was subjected to unwanted and offensive touching and advances; vulgar sexual suggestions by her superior, Mike Stanfield; retaliation; and wrongful discharge.[2]

Taylor-Shaw filed her complaint on October 26, 2009.  On December 3, 2009, the Court entered an initial scheduling order, which established the following dates: the Rule 26(f) scheduling conference was to occur on or before February 1, 2010; the Rule 26(f) report was to be filed on or before February 16, 2010; and the trial date was scheduled for the week of June 14, 2010.  On

---

[2]The complaint does not list specific instances of mistreatment, explain the circumstances surrounding the allegations, or give the exact date of her discharge.

January 7, 2010, the parties had their Rule 26(f) conference and agreed to submit a Joint Report,

which counsel for Bestway was charged with drafting.  That same day, counsel for Bestway sent via

facsimile its first set of interrogatories and requests for production and admission to counsel for

Taylor-Shaw.  That discovery was also sent via Federal Express and was received by counsel for

Taylor-Shaw the next day, January 8.  On January 7, counsel for Taylor-Shaw also sent Bestway a

set of interrogatories and requests for production of documents.

Counsel for both parties again conferred on February 8, 2010.  Counsel for Bestway sent an

email to counsel for Taylor-Shaw that same day, memorializing their conversation:

> I was getting ready to send you the Joint Rule 26(f) Report today for filing, based
> upon our January 7, 2010 Rule 26(f) Conference.  However, you informed me that
> you just recently obtained service on Defendant Mike Standfield [sic].  As you know,
> we only represent Defendant Bestway.  We do not represent Mr. Standfield [sic].
>
> It is my understanding that you will be filing an affidavit of service in the next couple
> of days and asking the Court to issue an Amended Initial Scheduling Order.
> Accordingly, as we discussed I will not send you the proposed Joint Rule 26(f)
> Report at this time.
>
> This email is also to confirm our conversation today wherein we agreed to hold off
> on exchanging Rule 26(a)(1) disclosures until some time after the Court issues an
> Amended Scheduling Order.
>
> Please let me know if any of the above is not accurate.  Thanks.

Counsel for Taylor-Shaw does not dispute the accuracy of the statements in that email.

Taylor-Shaw obtained service of process on Stanfield on February 5, 2010, and filed an

affidavit of service on February 15.  The deadline for submitting the Rule 26(f) Report remained set

for February 16.  Accordingly, on February 16, Bestway submitted its proposed Rule 26(f) Report,

which stated in part: "Since [the parties' Rule 26(f) Conference], Plaintiff's counsel has represented

to Defendant's counsel that a Joint Rule 26(f) Report is inappropriate because Plaintiff recently

obtained service of co-defendant Michael Standfield [sic]." A footnote to that sentence reads: "On

January 15, 2010, Plaintiff filed an affidavit of service regarding co-defendant, Michael Standfield

[sic]. However, it is unclear to Defendant that such a filing relieves it of the obligation to comply

with the Court's Order directing that it file a Rule 26 report." In addition to its separate Rule 26(f)

Report, Bestway that same day filed the pending motion for summary judgment.

### III.

Bestway's motion for summary judgment contends that Taylor-Shaw failed to respond to its

requests for admissions, which were propounded on January 7, the same day as the parties' Rule

26(f) Conference, and which were due on or before February 9, 2010. In total, Bestway propounded

twenty-five requests for admission covering each substantive allegation in Taylor-Shaw's complaint.

Taylor-Shaw never responded.[3] Bestway argues that because Taylor-Shaw failed to respond to the

requests for admission within thirty (30) days, those matters are deemed admitted pursuant to Federal

Rule of Civil Procedure 36(a). If those matters are deemed admitted, the result would be that no

genuine issue of material fact remains, and summary judgment in favor of Bestway would be

appropriate.

In response, Taylor-Shaw contends that in their February 8 telephone conference, the parties

agreed to delay submission of a Rule 26(f) Report, Rule 26 disclosures, and discovery, in order to

allow Stanfield, only recently served with the complaint, to participate in the Rule 26 process.

Taylor-Shaw argues that the motion for summary judgment is premature for several reasons: (1)

discovery upon which it is premised was premature, in violation of the Court's scheduling order and

---

[3]Counsel for Bestway did respond to Taylor-Shaw's interrogatories and requests for production of documents on February 9.

Federal Rule of Civil Procedure 26(f)[4]; (2) Bestway stipulated to the postponement of mandatory

disclosure and discovery, thus expressly waiving any entitlement to responses within the 30 day

period; (3) Bestway failed to confer with counsel for Taylor-Shaw in good faith to resolve any

dispute as to discovery requests; and (4) Bestway's requests for admissions were improperly

combined and served with other discovery requests.  Finally, Taylor-Shaw asks the Court for

permission to withdraw her admissions and file a response to Bestway's requests for admissions,

should the Court deem Bestway's requests for admissions as admitted for failure to respond.

Bestway's motion hinges, therefore, on whether Taylor-Shaw's failure to respond to the

requests for admission should result in those matters being deemed admitted, and, if so, whether

Taylor-Shaw should be allowed to withdraw those admissions and provide a substantive response.

Federal Rule of Civil Procedure 36(a)(3) provides as follows:

> A matter is admitted unless, within 30 days after being served, the party to whom the
> request is directed serves on the requesting party a written answer or objection
> addressed to the matter and signed by the party or its attorney.  A shorter or longer
> time for responding may be stipulated to [by the parties][5] or be ordered by the court.

In support of its motion, Bestway cites to numerous cases concluding that, following Rule

36(a)(3), a party's failure to respond to requests for admission within 30 days resulted in those

---

[4]Rule 26(f) provides that the parties confer regarding a proposed discovery plan and then
submit a written report outlining that plan for the Court.  Taylor-Shaw argues that any discovery
requests made prior to submission of the written report should be treated as void, with no duty to
respond as required in Rule 36.  The Court notes that Taylor-Shaw propounded its own set of
interrogatories and requests for production on January 7, 2010, well before the parties intended to
submit their joint Rule 26(f) Report.

[5]Bestway's requests for admissions did not stipulate to a longer response time, as it
reiterated Rule 36(a)(3)'s requirements: "Each of the matters will be admitted by Plaintiff unless,
within 30 days after service of this request, Plaintiff makes and serves a written response to these
matters."

matters being deemed admitted.  Although Bestway's supportive brief contains many case citations,

it quotes at length from only one: this Court's decision in *Altheimer v. Hosto & Buchan Law Firm*,

2007 WL 2750670 (E.D. Ark. Sept. 18, 2007).  Bestway relies on *Altheimer* as good reason why

summary judgment should be granted in favor of Bestway for Taylor-Shaw's failure to respond to

requests for admission.

　　　*Altheimer* is not directly on point.  In that case, Corinne Altheimer, acting *pro se*, asserted

Title VII claims of race discrimination and retaliation.  The defendant propounded requests for

admissions on June 30, 2007, making responses to the requests due on July 30, 2007.  In his letter

to the *pro se* plaintiff accompanying the requests for admissions, counsel for the defendant stated:

> Please note that your responses to these Requests must be mailed in time for *my
> receipt* **no later than Monday [sic] July 30, 2007.**  If you are unable to complete
> your responses by that date, I would be willing to discuss with you a reasonable
> request for additional time, but only if you contact me in advance of the present
> response deadline.[6]

> If I do not receive your timely response to these Requests, I will ask the Court to treat
> your failure to timely respond as admission of all of the Requests for Admissions.
> Please be forewarned that, based on these deemed admissions, I would then ask the
> Court to enter final judgment in favor of Hosto & Buchan and dismiss your lawsuit.
> This would mean that you would lose your case and there would be no trial.

　　　Altheimer never responded.  On August 13, 2007, two weeks after his responses were due,

the defendant moved for summary judgment.  In support, the defendant submitted evidence that

Altheimer failed to respond to requests for admissions, as well as an extensive affidavit from Colleen

Martin, Altheimer's direct supervisor.  Martin's affidavit provided information that directly refuted

the factual basis for Altheimer's discrimination and retaliation claims. In response to the motion for

summary judgment, Altheimer submitted only this response:  "I oppose the motion for summary

---

[6]Emphasis is in the original.

judgment. I pray the Court will not grant the motion for summary judgment."

Based on the failure to respond to requests for admissions, Martin's extensive affidavit, and

Altheimer's lackluster response in opposition to the motion for summary judgment, this Court held

in favor of the defendant. This Court held that Altheimer failed to present any evidence that she was

rejected for a promotion and that a similarly qualified employee, not part of a protected group, was

promoted instead. The Court reasoned as follows:

> [Altheimer] has only presented the Court with the allegations contained in her
> complaint, which are insufficient to create a genuine issue for trial. She failed to
> respond at all, much less in a timely manner, to requests for admissions submitted to
> her pursuant to Federal Rule of Civil Procedure 36 by Hosto & Buchan. A failure to
> respond in a timely manner deems the request admitted, and "[any matter admitted
> under [Rule 36] is conclusively established. . . ." Fed. R. Civ. P. 36(a)-(b); *see also*
> *Lick v. Gray bar Elec. Co.*, 473 F.2d 1360, 1362 (8th Cir. 1973) ("Unanswered
> requests for admissions render the matter conclusively established . . . . Also a
> summary judgment may be based on admitted matter." (citations omitted)). While
> "the failure to respond [to a Rule 36 request for admission] in a timely fashion does
> not require the court automatically to deem all matters admitted," *Gutting v. Falstaff*
> *Brewing Corp.*, 710 F.2d 1309, 1312 (8th Cir. 1983), such an outcome depends in the
> very least on the opposing party's attempt or request to respond in an untimely
> manner, *see generally id.*, and Altheimer made no such attempt or request.

> Therefore, it has been conclusively established that Altheimer disclosed that she had
> "no previous management or supervisor experience and that [she] had not worked for
> any law firm prior to" working for Hosto & Buchan, and that such experience was
> a necessary qualification for the position she sought. Thus, Altheimer did not meet
> the minimum qualifications for the position. In addition, Altheimer has not
> established that Hosto & Buchan promoted a similarly qualified employee who was
> not a member of the protected group. While Hosto & Buchan has hired and
> promoted persons who are not members of the protected group, the undisputed facts
> show that each had the requisite training and experience to meet the minimum
> qualifications for the position, while Altheimer did not. Altheimer has failed to
> establish a prima facie case.
>
> * * *
>
> Altheimer has offered neither evidence nor argument tending to show that the stated
> reason for rejecting her requested promotion was a pretext for discrimination. In fact,
> Altheimer has admitted, by virtue of her failure to respond to Hosto & Buchan's
> requests for admissions, that "race was not a factor" in its business decisions with

respect to her employment. There is no genuine issue of material fact as to Altheimer's claim for discrimination based on race. Summary judgment therefore should be granted on that claim.

∗ ∗ ∗

There is [also] no genuine issue of material fact as to whether Hosto & Buchan retaliated against Altheimer in violation of Title VII.

*Altheimer*, 2007 WL 2750670, at *3-5 (internal citation omitted).

As stated in the Court's opinion, Altheimer made no attempt or request to respond in a timely manner. Defense counsel clearly instructed her that if she failed to respond to the requests for admissions, he would seek and obtain dismissal of her suit. The defendant filed its motion for summary judgment nearly two weeks after Altheimer missed her response deadline, and she provided no substantive response to the motion for summary judgment. Therefore, in its discretion, the Court concluded that the uncontested affidavit from Altheimer's supervisor, coupled with Altheimer's failure to respond to the requests for admissions, was sufficient to show that there was no genuine issue of material fact remaining for trial.

In this case, Bestway moved for summary judgment one week after Taylor-Shaw should have responded to the requests for admissions. Bestway did not explicitly warn Taylor-Shaw that it would seek dismissal of her claims if she failed to respond. Finally, unlike in *Altheimer*, there is no uncontested affidavit from one of Taylor-Shaw's supervisors contradicting the factual allegations supporting her claims. Instead, Bestway's motion for summary judgment is premised solely on Taylor-Shaw's failure to respond to the requests for admissions, with no additional affidavits or exhibits purporting to show that no genuine issue of material fact remains.

Bestway relies on Rule 36(a)'s 30 day response deadline, but it fails to recognize the discretion given to courts in subsection (b). Rule 36(b) provides, in relevant part:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

District courts may, in their discretion, permit the filing of an answer that would otherwise be untimely. *See Falstaff Brewing*, 710 F.2d at 1312. A learned treatise provides the following guidance:

> The court has power to allow additional time for a response to a request for admissions even after the time fixed by the rule has expired. Thus the court can, in its discretion, permit what would otherwise be an untimely answer . . . . [It would seem that the test now stated in Rule 36(b) for withdrawal of admissions is tailored more precisely to the purposes of Rule 36 generally, and that the admission that otherwise would result from a failure to make timely answer should be avoided when to do so will aid in the presentation of the merits of the action and will not prejudice the party who made the request.

8B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2257, at 343-45 and n.8 (2010).

In *Crussel v. Electrolyze Home Products, Inc.*, 2007 WL 1020444 (W.D. Ark. Apr. 2007), the court used its discretion to allow withdrawal of an admission, as stated in Rule 36(b). In that case, the plaintiff failed to respond to requests for admissions within 30 days, and the defendant moved for summary judgment on that basis alone. The court reasoned that justice would not be served by granting summary judgment based on a single instance of failing to respond in a timely fashion, especially where allowing the plaintiff to furnish belated responses would result in no apparent prejudice to the defendant. Because of the pertinency of its analysis, the Court will quote from *Crussel* at length:

> [The Court in its discretion, may permit the filing of an answer that would otherwise be untimely. Therefore, the failure to respond in a timely fashion does not require

the Court automatically to deem all matters admitted.  It does not further the interests of justice to automatically determine all the issues in a lawsuit and enter summary judgment against a party because a deadline is missed.  *Habra v. Herman Blum Consulting Engineers*, 74 FRAT 113, 114 (N. D. Tex. 1977) (finding that the Court "must strike a balance between the interest of justice and diligence in litigation."); *Pickens v. Equitable Life Assurance Society*, 413 F.2d 1390, 1394 (5th Cir. 1969) (holding that where failure to reply to request for admissions is "clearly inadvertent," policy is "to favor substantial justice over technical contentions[.").]

* * *

As stated in [*Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1313 (8th Cir. 1983)], "a late response [is] equivalent to a withdrawal of an admission."  Therefore, the test for allowing withdrawal of admissions rests upon the showing of prejudice to the requesting party, and any disservice to the presentation of the truth at trial, if the requests are deemed admitted.  The same criteria are applicable in determining the allow ability of late responses to requests for admissions.  In short, the Court should normally permit untimely answers when doing so would aid in the presentation of the merits of the action and would not prejudice the party who made the requests.

Applying these standards, the Court finds that Crussel's untimely responses to Electrolyze's Requests for Admissions should be construed as a withdrawal of her admissions, or a motion to withdraw the same.  Simply put, the prospect of deeming controverted facts or issues as having been admitted is anathema to the ascertainment of the truth and the Court's innate sense of justice.  *See Maenad v. Union Pacific R. Co.*, 122 F.3d 514, 517 (8th Cir. 1997).  Perhaps, in an appropriate case, a total failure to respond to such requests will prejudice the requesting party at trial, but that is not the situation before the Court.  Electrolyze has not argued prejudice . . ., and aside from their untimeliness, Crussel's responses to the request for admissions could pose no surprise to Electrolyze . . . .  In short, the Court will not subvert the search for the truth without compellingly evident cause, and today refuses to do so merely to further rigid compliance with a procedural precept.

Lastly, the Court would note that the purpose of Rule 36 is to remove uncontested issues and to prevent delay.  When the issues going to the merits are contested and the late response does not cause delay of a trial or prejudice to a litigant, there is no reason to refuse a late filing.

*Crussel*, 2007 WL 1020444, at *3-5 (internal quotes and citations omitted).

In this case, the reasoning of *Crussel* is more fittingly applied than the analysis in *Altheimer*.

In moving for summary judgment, Bestway relies solely on Taylor-Shaw's failure to respond to

10

requests for admissions within 30 days.  Bestway has come forward with no uncontested affidavits

or other supporting evidence.  Taylor-Shaw has, in fact, specifically requested the Court's permission

to withdraw any requests for admission deemed admitted by her failure to respond, pursuant to Rule

36(b).  She indicates that she is prepared to furnish a response to Bestway's requests for admissions

within 5 days of the granting of such an extension.  Finally, this case is presently set for trial during

the week of November 15, 2010, and the discovery deadline is September 2, 2010.  It does not

appear to the Court that allowing Taylor-Shaw to provide belated responses to Bestway's requests

for admissions would in any way result in prejudice to Bestway.  On the other hand, summarily

dismissing Taylor-Shaw's claims by rigidly enforcing a discovery response deadline would result

in this case being determined on something other than its underlying merits.  Given the dearth of

specific factual allegations in Taylor-Shaw's complaint, it may be that the underlying merits are

lacking, but the Court will not reach that conclusion based solely on her failure to respond to requests

for admissions within the 30 day deadline.  Pursuant to Rule 36(b), the Court grants Taylor-Shaw

permission to withdraw her admissions and to provide counsel for Bestway with a response to its

requests for admissions.  Taylor-Shaw must respond to the requests for admissions within 5 days of

the entry of this order.

## IV.

Separate defendant Mike Stanfield has also filed a motion to dismiss for failure to state a

claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Specifically, Stanfield moves to dismiss

Taylor-Shaw's claims for breach of contract and for violation of Title VII, the Arkansas Civil Rights

Act, the Fourteenth Amendment, and 42 U.S.C. § 1983.  In response, Taylor-Shaw admits that those

claims against Stanfield fail as a matter of law and consents to their dismissal.  Therefore, those

claims against Stanfield are dismissed with prejudice.  The complaint also makes claims for battery and intentional infliction of emotional distress, but Stanfield's motion to dismiss does not address those claims, so those two state law claims remain against Stanfield.

## CONCLUSION

For the foregoing reasons, Bestway's motion for summary judgment is DENIED.  Document #13.  Taylor-Shaw may withdraw her admissions due to her failure to respond, and must provide her responses to Bestway's requests for admissions within 5 days of the entry of this order.  Stanfield's motion to dismiss is GRANTED.  Document #20.  Taylor-Shaw's claims against Stanfield for breach of contract and for violations of Title VII, the Arkansas Civil Rights Act, the Fourteenth Amendment, and 42 U.S.C. § 1983 are dismissed with prejudice.  Her state law claims against Stanfield for battery and intentional infliction of emotional distress remain.  Taylor-Shaw's motion to strike Bestway's motion for summary judgment is DENIED as moot.  Document #23.

IT IS SO ORDERED this 7th day of April, 2010.


J. LEON HOLMES
UNITED STATES DISTRICT JUDGE