# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

DERRIKKA TAYLOR-SHAW                                                                    PLAINTIFF

v.                                    Case No. 5:09CV00329 JLH

BESTWAY RENT TO OWN and
MIKE STANFIELD, individually                                      DEFENDANTS

## ORDER

On May 18, 2010, the defendant Bestway Rent To Own filed a motion to compel. That motion states that on January 7, 2010, Bestway served on plaintiff interrogatories and requests for production of documents. On April 26, 2010, Bestway received objections and written responses to its interrogatories and requests for production but did not receive any documents. Bestway contends that the written responses were untimely and therefore the objections were waived. Bestway seeks an order compelling the plaintiff to produce the documents as well as provide written responses to the interrogatories and requests for production of documents to which the plaintiff had objected. Bestway also seeks reasonable expenses, including attorneys' fees, incurred in connection with the motion. The plaintiff has not responded to the motion to compel, and the time within which a response should have been filed has passed.

Rules 33 and 34 of the Federal Rules of Civil Procedure provide that a party must respond to interrogatories and requests for production of documents within 30 days. Rule 33(b)(4) provides:

> The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

Here, the plaintiff did not make timely objections to the interrogatories, nor has the plaintiff offered a basis upon which the Court could find good cause to excuse the failure. Therefore, the objections to the interrogatories are deemed waived.

Although Rule 34 does not contain a specific provision stating that untimely objections are waived, there is case law for the proposition that objections to requests for production of documents may be deemed to have been waived unless they are made in a timely fashion or an explanation is offered to justify the delay. *Industrial Risk Insurers v. D.C. Taylor*, 2008 WL 2219932, at *4-5 (N.D. Iowa, May 28, 2008). *See also Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 238 F.R.D. 536, 538-39 (D. Conn. 2006). Here, the plaintiff has not responded to the motion to compel and thus has offered no justification for the delay.

Bestway's motion to compel is GRANTED IN PART and DENIED IN PART. Document #32. The objections to the interrogatories and requests for production of documents are deemed waived because they were not made in a timely fashion. The plaintiff must provide full and complete answers to the interrogatories and requests for production of documents, and must produce the documents requested, on or before June 18, 2010. The request for attorneys' fees is denied at this time. However, the plaintiff is warned that failure to comply with this Order may result in additional sanctions, including but not limited to an award of attorneys' fees, dismissal of the action, or both.

IT IS SO ORDERED this 7th day of June, 2010.

                        */s/ J. Leon Holmes*
                        J. LEON HOLMES
                        UNITED STATES DISTRICT JUDGE