IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DERRIKKA TAYLOR-SHAW                                                                    PLAINTIFF

v.                                           Case No. 5:09CV00329 JLH

BESTWAY RENT-TO-OWN and
MIKE STANFIELD, individually                                                          DEFENDANTS

## OPINION AND ORDER

This is an employment discrimination case brought by Derrikka Taylor-Shaw against Bestway Rent-To-Own and Mike Stanfield alleging that Taylor-Shaw, a black female, was subject to employment discrimination while she was employed by Bestway Rentals, Inc., d/b/a Bestway Rent-To-Own, in Pine Bluff, Arkansas. She alleges that she began working as an assistant manager and later obtained the position of store manager, but because of a statewide and individual store pattern and practice, she was not afforded promotions and pay increases commensurate with white employees and male employees. She alleges that she and other blacks and other females were hired at and remained at the lower level of employment and lower wages as compared to whites and males. She also alleges that blacks and females were subject to harsher demands of performance than similarly situated whites and males, as well as more restricted and oppressed conditions of employment and harsher discipline. Finally, she alleges that she and other blacks and females were subjected to unwanted and offensive touching, unwanted and offensive advances, and vulgar suggestions at work by Mike Stanfield, who was her supervisor. She alleges that she brought that conduct to the attention of the human resource office and other executives in the company, but the complaint was ignored. She also alleges that she was subject to retaliation in the form of loss of position, intentional verbal attack, and discharge.

Two discovery motions are before the Court. Bestway has filed a motion to dismiss pursuant to Rule 37 of the Federal Rules of Civil Procedure, arguing that repeated discovery violations by Taylor-Shaw justify a dismissal of this action with prejudice. Taylor-Shaw has filed a motion to compel.

**I.**

Turning first to Bestway's motion to dismiss, Bestway argues that throughout this case Taylor-Shaw has disregarded her discovery obligations. Specifically, she failed to respond to requests for admissions until ordered to do so by the Court, failed to provide written responses to interrogatories and requests for production until almost four months after they were served, did not produce any documents in response to a request for production until ordered to do so, repeatedly failed to provide dates for her deposition, and violated the Court's order of June 7 by failing to produce medical and employment record authorizations for the release of her medical and employment records. The matters that were unresolved when the motion to dismiss was filed were the failure to provide dates for Taylor-Shaw's deposition and the failure to provide releases as required by the Court's June 7 order.

As noted, the Court entered an order granting Bestway's motion to compel on June 7, 2010. In that order, the Court required the plaintiff to provide full and complete answers to the interrogatories and requests for production of documents and to produce the documents requested, on or before June 18, 2010. Those interrogatories and requests for production of documents were originally served on January 7, 2010. Bestway received objections and written responses to the interrogatories and requests for production but no documents on April 26, 2010. Because the objections were untimely, the Court deemed them waived and ordered full responses. Taylor-Shaw did not, however, provide the authorizations for employment and medical records. Bestway filed

the present motion on July 7, 2010. On July 8, 2010, Taylor-Shaw sent the medical and employment releases to Bestway.

"To justify a sanction of dismissal, Rule 37 requires: '(1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party.'" *Sentis Group, Inc., et al. v. Shell Oil Co., et al.*, 559 F.3d 888, 899 (8th Cir. 2009) (quoting *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000)). Although Bestway strenuously argues that the failure to provide the releases was willful, the Court is not convinced. It appears before the motion for sanctions was filed Taylor-Shaw provided full responses except for the releases, and the releases were provided the next day after the motion for sanctions was filed.

In addition to complaining about the failure of Taylor-Shaw to provide the releases, Bestway complains that Taylor-Shaw did not provide dates for her deposition even though she was repeatedly requested to do so. While the Court wholeheartedly agrees with Bestway that professional courtesy requires cooperation in setting deposition dates, there is no rule of civil procedure that requires one party to provide dates voluntarily to the other, so that breach of professional courtesy cannot constitute a grounds for sanctions under Rule 37 of the Federal Rules of Civil Procedure.

Under all of the circumstances, the Court believes that dismissal of the action would be unduly harsh. The sanction of dismissal is among the harshest of the sanctions. *Sentis Group*, 559 F.3d at 899. Public policy favors a trial on the merits and disfavors depriving a party of her day in court. *Id*. Taylor-Shaw substantially complied with the Court's order compelling discovery before the motion for sanctions was filed. As noted, the one failure was the failure to provide the releases. Bestway has not shown that it was prejudiced by the failure to provide the releases. Depositions are now scheduled by agreement to be conducted in August, so Bestway has had the releases in ample

time to prepare for the deposition of Taylor-Shaw, and they have had the releases in ample time to prepare for trial.

> Rule 37(b)(2)(C) provides:
>
> Instead of or in addition to the orders above, the Court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

This Court's order of June 7, 2010, stated that failure to comply could result in additional sanctions, including but not limited to an award of attorneys' fees. The exhibits to Bestway's motion show that on June 25, 2010, Bestway wrote counsel for the plaintiff and called to his attention the fact that the medical and employment authorizations were not included in the documents that had been produced. Nevertheless, the authorizations were not placed in the mail until after the motion for sanctions was filed on July 7, 2010. As a sanction for failing to comply with the order of June 7, 2010, the Court will order plaintiff and her attorney to pay to Bestway the sum of $200 as an attorneys' fee incurred in connection with filing the discovery motion to obtain those releases. That fee is based on the Court's belief that a simple motion to compel production of the releases could have been prepared, filed, and briefed in less than an hour, and that a reasonable fee under the circumstances would not exceed $200.

## II.

Taylor-Shaw has also filed a motion to compel. Broadly speaking, the motion concerns two issues. First, in many instances Bestway objected to a discovery request and then stated, "Subject to and without waiving the foregoing objections," the answer is as follows. Secondly, Taylor-Shaw sought information on a statewide basis regarding Bestway's employment practices, and Bestway objected on the grounds that the discovery requests were overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

4

As to the first issue, the difficulty is that when a discovery response begins with an objection and then an answer is given "subject to and without waiving" the objection, the opposing party has no way to know if the answer is full and complete or whether information has been withheld as a result of the objection. On the one hand, if no information has been withheld, the objection would seem to be gratuitous. On the other hand, if information has been withheld, the party seeking discovery is entitled to know whether information has been withheld, and if so, what the nature of the information is, so that she can contest the objection. To take one example, Interrogatory No. 1 and the response thereto state:

> **INTERROGATORY NO. 1:** Please state the name, address, job title and employer of each person answering or assisting in answering these interrogatories.
>
> **RESPONSE:** Defendant objects to Interrogatory No. 1 to the extent it seeks information and/or documents that are exempt from discovery under the investigative, attorney work product, attorney/client and party communications privileges. Subject to and without waiving the foregoing objections, Defendant states as follows:
>
> Mr. Rob Freidman
> Littler Mendelson, PC
> 2001 Ross Ave.
> Ste. 1500, Lock Box 116
> Dallas, TX 75201-2931
>
> Mr. Edward F. Berbarie
> Littler Mendelson, PC
> 2001 Ross Ave.
> Ste. 1500, Lock Box 116
> Dallas, TX 75201-2931
>
> Lisa Adkins, Bestway
> c/o Littler Mendelson, PC
> 2001 Ross Ave.
> Ste. 1500, Lock Box 116
> Dallas, TX 75201-2931
>
> Kris Swift, Bestway
> c/o Littler Mendelson, PC
> 2001 Ross Ave.

     Ste. 1500, Lock Box 116
     Dallas, TX 75201-2931

Bestway did not identify a single person who assisted in answering the interrogatories other than attorneys at the Littler Mendelson law firm. The Court is not aware of any privilege that would protect the identity of the person or persons who assisted in answering interrogatories. Indeed, interrogatories should be answered under oath and verified by the person answering them, though in this instance the answers to interrogatories were signed only by an attorney. It is impossible to tell whether any employee of Bestway provided information for use in answering the interrogatories.

     Although the Court has quoted only Interrogatory No. 1 and the response to it, as noted, Bestway repeatedly objected, and then stated, "subject to and without waiving" the objection, a certain answer was given. The Court overrules the objections and orders the unqualified answers to Interrogatory Nos. 1, 6, and 20, as well as Request for Production No. 7.

     As mentioned above, the second broad category of issues relates to the discovery requests seeking information on a statewide basis to which Bestway objected on the grounds that the interrogatories or requests for production were overly broad, unduly burdensome, and sought information that was not reasonably calculated to lead to the discovery of admissible evidence. In a number of those instances, Bestway answered "Subject to and without waiving the foregoing objections," and then followed by providing information relating only to Mike Stanfield. Taylor-Shaw's complaint alleges that she was subject to discrimination that was part of a statewide pattern and practice. Her allegations were not limited to conduct by Mike Stanfield. Therefore, the objections are overruled, and Bestway is ordered to provide complete and full answers to Interrogatory Nos. 7, 11, 12, 13, 14, 15, 17, 19, and 25.

     Taylor-Shaw has also sought specific information about every employee that Bestway has employed in the State of Arkansas over the past ten years, including name, addresses, telephone

numbers, and other such information. Bestway has objected not only on the grounds over overbroad but also on the grounds of the privacy of the individuals. Due to the legitimate privacy concerns and the absence of any apparent need for such far-reaching information, at this time the Court is not prepared to order the production of private information regarding every employee in the State of Arkansas over a ten-year period.

As to the remainder of the interrogatories and requests for production that are mentioned in Taylor-Shaw's motion to compel, the Court finds either that the information has been provided or that the objections are well taken and should be sustained.

## CONCLUSION

For the reasons stated above, the defendants' motion to dismiss is DENIED. Document #37. In lieu of dismissing the complaint, Taylor-Shaw and her attorney are ordered to pay Bestway $200 as a reasonable attorneys' fee as a sanction for the failure to comply with the Court's discovery order entered on June 7, 2010.

Taylor-Shaw's motion and amended motion to compel discovery are GRANTED IN PART and DENIED IN PART. Documents #36 and #48. Bestway is ordered t provide the information to the specific interrogatories and requests for production of documents enumerated above by 5:00 p.m., Central Daylight Time, on August 3, 2010.

IT IS SO ORDERED this 28th day of July, 2010.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE